Thank you. May it please the Honorable Court, Richard Schoenfeld appearing for the appellant Mane Shah. With your permission, I'd like you to reserve two minutes for the program. This case arises from the FBI assisting the state of Nevada in a criminal investigation that resulted in charges being lodged against Dr. Mane Shah for sexual assault. Is this a state-run case, sir? It is, Your Honor. And in state court Nevada, the charge of sexual assault is essentially the second most serious crime someone can be charged with if he faces potential length of prison. The facts in this case in the district court federal proceedings are not in dispute. As a result of that, the standard that is employed for review here is to know how long can we find that instance for us in service. So what are those facts? Yes, Your Honor. Is the results of the polygraph examination admissible in a Nevada criminal proceeding? And that really gets to the answer. It is under certain circumstances. There is no Nevada statute that prohibits the use of polygraph results. What the case law says when we look at Dominguez and we look at Jackson is if there is a stipulation between the parties prior to the polygraph examination being performed, then those results can be admitted into evidence for the veracity of those results. That is not what Dr. Shah intends to do in this case. Obviously, as his counsel, I am not going to walk in front of a jury and say, by the way, my client, Dr. Shah, failed the polygraph examination. What do you intend to do with the requested data? We intend to do with the results what the Nevada Supreme Court in State versus Mason said was an appropriate defense, and something that is actually a due process procedure. And what that is is we are going to challenge the police investigation and challenge the merits of the prosecution. And the way we would do that is by establishing that the polygraph results were not as interpreted by the FBI in the state of Nevada. I understand that you don't enter a stipulation saying that those results could come in. No, Your Honor, but we wouldn't be admitting the results into evidence. We would be using them to say, when you interpreted these results, or, for example, the case agent was keeping the sample. I don't know if I have that wrong, but I'm just curious. Do you think that it's possible that you're going to be able to discuss the polygraph in this way? Yes, I do believe it is possible. In other words, are you saying that this is trial, or it's a pre-trial motion about the indictment, or what is it? It could be used for two purposes. The first is that Dr. Shah was arrested as a result of an affidavit in support of an arrest warrant where they relied upon the polygraph results for the probable cause. So if we were able to establish that he actually passed the polygraph, or that it was inconclusive, we could use it to challenge that. But more significant, what we would do is demonstrate that as soon as the case agent in North Las Vegas Police Department believed that Dr. Shah failed the polygraph, he excluded all other suspects, and he narrowed his investigation. Why is the polygraph significant to that? Why can't you just say once they focused on him, they didn't focus on anyone else? Because it also demonstrates their failures in the investigation. They believed that it was a failed polygraph result, but it really was a pass. It shows that they failed. I still don't understand how that request is going to allow you to get that into court when the law in Nevada is that it only comes in if you stipulate it. The law in Nevada does not address impeachment. So we would use the polygraph results to impeach, not harass. Is there any precedent for that, to use polygraph procedures, or anything relating to it, or the results for impeachment if you can't bring it in under the stipulation? Under Nevada law, there is no precedent for that. There is precedent in U.S. District Court cases, not necessarily for using the polygraph results for that narrow purpose. But if you look, for example, at U.S. v. Hart, which was Eastern District of New York. If you talk to the district judge or your state court judge, just find out whether that's going to be possible. And that's the interesting part here. The state court judge issued an order that the charge brought at a new material must be produced to the defense. So you have a state court judge who was responsible for presiding over the proceedings, saying we are entitled to this material. It must be produced for trial purposes, or was it produced based on the request that was made previously to the district attorney? Well, it was based on, we filed a motion, and the government in their brief says it was subpoenaed. We actually had a court order issued from the district judge presiding over Dr. Shah's criminal case, saying we produce the polygraph material, charts, raw data. That was before all of this litigation regarding whether this is privileged or not. Well, this litigation arises as a result of us giving the order to the government and not a system. The sequence is that that request occurred before all of this dispute happened regarding whether you're actually going to get the polygraph results. Yes. So I'm going to interpret the question. Should we go back to the district court judge in Dr. Shah's case and say, by the way, if we were able to get this material, would we be able to use it? No, we have not done that. Seems to me, counsel, and I'll certainly defer to your knowledge of Nevada criminal law, but it certainly seems to me that you could go back to the judge presiding in Dr. Shah's criminal case and ask for a range of sanctions based on the refusal to provide the information that you're seeking, including a predetermination of probable cause, dismissal, etc. Why can't you do that? We can't. Why can't you use the refusal to your advantage? We can, and we intend to. It's not part of this record, but I'm being asked. We've actually filed a motion to dismiss for the Brady violation and ask that the court defer ruling on it until an ultimate determination. The court wanted us to exhaust our remedies as it relates to whether or not we just have the right to do this. Did you ask the FBI to do this, essentially? Yes. It could have done it itself, but it had FBI doing it. Correct. And the FBI had no other involvement, so it has to be a joint investigation. So why do you want us to decide? First of all, it seems like the state court, and there's more state at the state level right now, could decide whether this is a Brady violation or not, couldn't they? They could, but we have to exhaust our remedies. We have to make the effort to secure the polygraph results. I would say that I had never heard of this procedure before. It seems really weird that you, I would have thought that the state would have some obligation to come in and try to enforce this. You would think so, but the state's response or their position was that it's not in their possession, it's in the possession of the federal government. You can see from the excerpts of records that, I believe it's page 189. Are there any court orders that have been produced, even in terms of litigating the FBI, whether it's going to be produced, do you think that the state would be involved, not you? You would think so, considering that the court stated that our district court in the state court has stated that it would address our motion to dismiss once the determination is made and once the results are written. Well, you have to follow it, and if a federal intervention comes up, it's because the federal government can ignore it, or the state court is not. So what they say is, we have David Sterritz, the chief counsel for the division, saying we will give you this material. And then we have the U.S. Attorney's Office saying, as David Sterritz has stated, we will give you this material, you just have to follow TUI. We do the TUI demand, and then we get a response out of left field saying this is law enforcement privilege, and where we get to the arbitrary and capriciousness of that decision, as well as the error in the district court's order, because there is no analysis. It just says, well, this is inadmissible, and therefore it's not rating. Well, if it's inadmissible, why did our state court judge say we would let it happen? But their law enforcement privilege, does their law enforcement privilege end up being inadmissible, and therefore rating, as far as their notion that whatever it is, it's a privilege, because it repels our methodology, and so on, should we have to order it? Is it possible to order it? You can invoke the law enforcement privilege. That is not contingent upon admissibility. However, the law enforcement privilege invocation under OVRO, as well as those district court cases, requires a balancing. And this court has not yet adopted the factors in the Frankenhauser case. The Eastern District in California adopted those factors in Kelly versus City of San Jose, and obviously I would invite the court to adopt that approach, because the 5th Circuit Court of Appeals adopted that approach in U.S. Department of Homeland at 459 and 3565, and I think that would be something great to take away from these proceedings, is the ten-factor analysis that should be employed by a court when there's an invocation of the law enforcement privilege. It's a qualified privilege, and what you have here is somebody facing the most serious criminal charges. You have division counsel for the FBI saying, we're going to give you this material. Who's in a better position to decide whether or not there's a criminal charge? Apparently, the privilege requires that it be exercised by the supervising person, and so that's not terribly, you're harping on that, but it's not particularly pertinent to you. What we have with ARB, the United States District Court order, is no analysis of the factors of the compelling need for Dr. Saw to have this material. Instead, they say, inadmissible, and therefore, it's operating, and therefore, you don't get it. But when you actually do the analysis, considering that the judge presiding over the court— So your decision hinges heavily on it being operating? I think it entirely hinges on it being—the District Court's decision was, this is operating, therefore, you don't get it. There was no other analysis of the compelling needs of Dr. Saw to have this material, and that analysis is required. I'm sorry, I'll give you a minute. No, stay. Thank you. One final question. Does Brady apply to inculcatory evidence? No, the Brady case itself is inculcatory evidence that the prosecutor is aware of, or should have been aware of, in the possession of other law enforcement agencies. Okay, I'm just very excited for questions. Is there any state out there, any, I guess, authority out there, the Ninth Circuit or the NBI, can violate Brady in a state court criminal procedure? No, there are a couple of cases, and I think the Rimmer case is the one cited the most by the government that talks about whether or not the government has a Brady obligation when they are not the prosecuting body. And in the Rimmer case, what happened was there was a state prosecution by the Memphis Police Department and a parallel federal prosecution, but they weren't joint prosecutions or investigations, and the Rimmer court held that it was not a Brady violation for the federal government not to turn over material that they received in their investigation. But when it is a joint investigation, there is nothing to suggest that the government wouldn't have a Brady obligation. To the contrary, that would be an unacceptable public policy determination. In this case, the FBI had no independent investigation. It was all a joint, and therefore they had no Brady obligation. Why wouldn't the state have the obligation? They do as well. That's what I don't understand. I mean, the state essentially delegated this to the FBI. It's like they hired a contractor. So it seems to me it's their responsibility. Why don't they just have an obligation to produce it if it's otherwise producible? I agree 100%. They have an obligation. So why are we even here? Why should the state court just say to the state, produce it? Because the state takes the position they can't produce it, and it's been made clear that the government's not going to voluntarily produce it. I don't know, but you say that you have to exhaust these measures when it's primarily the state court issue, and the state court can't direct either, I guess, that would be another issue, I guess, on appeal on whether the state court can direct the prosecution in this case to hand it over under Brady. I think the state court can direct the prosecution to hand it over, knowing that the prosecution is unable, and then the question is going to be the next criminine for the prosecutor's failure. And when somebody, this is a civil case for us. This is a system case. Administrative procedures are different. A Brady application in a civil case is rare. It's definitely an interesting dynamic, but the Brady analysis is necessary under the circumstances. And the problem with it is that we are sort of at sea because the underlying criminal case isn't our case, and we have a very hard time knowing enough about it, we don't know anything about it, in terms of whether or not there is a Brady violation. Except for what's been briefed, yes, I agree. Okay, thank you. Thank you. Troy Flake, I'm in the case court. Troy Flake for the United States of America. Is this a very unusual situation, or have there been instances elsewhere? It exists elsewhere. Your Honor, the United Service addresses similar situations. For example, in the Mackie case, which is repeatedly cited, there's an APA claim that the defendant needed information that was in the possession of the FBI, and they erased a due process Brady challenge. But did they need it because the state court had issued an order, and the state prosecutor wasn't able to provide it because the FBI wouldn't give it to the state prosecutor? I mean, is that what's going on here? That's probably the unique aspect of this case. It's important to distinguish the information that's sought. They have the report. We gave the report to the state attorney. Yeah, it's the raw data underlying the report. But ordinarily, I mean, if I'm the state and I delegate to someone else to do something, I could, and I don't think I would, get the entire story back, and then you could give it to them. For some reason here, the state didn't get the entire story back. They got only part of it. And now the FBI won't give it to the state or to them? That's correct, Your Honor. The FBI doesn't monitor over this information, but the information itself is not the story. The information doesn't tell the story at all. The report, which they have, tells the story. The information shows what the polygraph machine recorded, which is the technical details that the FBI is extremely concerned about. I'm sorry to say, I don't know if you have a DNA test record, right? And suppose the state agency didn't have a very good DNA test record, so they went to the big, and they took the samples to the FBI, and they said, here, would you do the DNA test for us? I don't know whether the FBI would or wouldn't, but assuming that they would, you know, it's fairly routine, quite routine, in litigation involving DNA, where DNA is introduced to get, you know, the whole story in terms of what was actually found by the scientists with regard to the DNA sample, right? That's correct. What was found by the polygraph theorist is what was behind it. And you can go behind it, and that's why, I mean, for example, in the Crawford cases about DNA, about scientific evidence, you have to have the actual person who did the test available to testify how they did the test, right? So what they want here is essentially the equivalent of that. They have the person, Your Honor, they can get the polygraph, he's to testify that he's been named as a witness in this state court trial. What the FBI is concerned about is the protocols, the way that polygraphs are conducted. But they're going to be in the same position, I mean, if you don't testify, it's just protocols. If he testifies to a protocol, see, I don't know what he's going to do in that situation. I don't know that, I mean, we could, in that case, first of all, we haven't received you to a request for his testimony, but we would limit it so that he couldn't testify at things that are protected by the law enforcement privilege. Let's talk about the law enforcement privilege, because I do have some concerns about them. I think it's the March 28th letter from the U.S. Attorney, Bogdan, to Mr. Shull's counsel. First, the letter cited the law enforcement privilege as justification for denying the charts and the graphs that were brought down and associated with the polygraph examination. And other circuits have clarified what the law enforcement privilege is, but based on the Ninth Circuit and Supreme Court case law, can you explain to me what the law enforcement privilege is and what are the limits? The letter doesn't clearly articulate the DOJ's perspective on the scope of the law enforcement privilege. In fact, it doesn't cite any law justifying the assertion of law enforcement privilege. The two regulations have the force of law, and the two regulations prohibit the U.S. Attorney from disclosing. But the two approves can't create an independent privilege. That's correct. You understand that, right? So then why does the March 28th letter cite so prominently to this? I mean, it looks like they're citing this as justification, and that's not an independent basis for privilege. And you rely, then, on the privilege, but state hardly nothing that's referred to it. And there's, I'm trying to figure out the law to support it. I think it's important to look at this letter in the context of the request. Their request was for the polygraph, the raw data, the charts and graphs. And they stated it was because it was important, because it formed part of the basis of the probable cause. And that's really it. So therefore, in terms of the discussion we were having earlier, your position is it doesn't matter whether it's grading, not grading, or anything else. What people use it for is just immaterial. Well, I think if the United States Attorney is under obligation, I hope this can answer both of your questions. Because the scope of the law, of course, the privilege is on a case-by-case basis. It's the courts that have to determine that. So he needs to weigh it. He needs to weigh the interest and non-disclosure on the part of the government against the institution. But that's just what you're saying. There's no indication here that he didn't. Well, the U.S. Attorney letter is really thin. I mean, it looks like the Assistant Director of Security, Judicial, and FBI elaborates more. And I'm not quite sure why he didn't. She's got it in place for him to put in the U.S. Attorney letter. But it's really thin. Except for the prominent two-way regs, which is not an independent basis. You have very little with respect to the law enforcement privilege in the letter. And in the letter, you're correct, Your Honor. But I think from the letter, I don't think the United States Attorney elaborated in great detail why he came to the decision. However, that is simply because there was in any— In detail or citing any law? Well, I mean— So, I mean, he just stated law enforcement privilege. Yeah, that's correct, Your Honor. I mean, the letter does not cite any cases or anything to establish this. But what I think the U.S. Attorney's letter does indicate is that in the context of their request, which essentially had nothing on the opposite side of the scale as the FBI is concerned, the United States Attorney didn't have anything that they offered to weigh in against. And so he said, listen, the FBI has a concern about the release of this information. And I— And that's what he said. The letter says, I am determined that the request to charge scraps in raw data you are seeking are privileged law enforcement records and cannot be disclosed. If I had read that, I would think it means no matter what, these records are law enforcement records and they cannot be disclosed, no matter what you write them for. Well, no matter what, based on his request. Remember that what we're looking at here is whether— No, he didn't say that. He said the same. He simply says these records are law enforcement records, period. That's correct. And he was not well served by that letter, I should say. But let me ask you about this. Even if we take the points that are being made now and by the assistant director or person, I think it was Mr. Turner, is there any way to allow for the defense attorney to view this confidentially with the promise not to disclose that information? Not that I know of, Your Honor, because disclosure to a third party is waivered in the cases that I've seen. No, it doesn't make sense. If the law enforcement profile takes account of the circumstances, then it would only be— the only person who would be entitled to it is the person in those circumstances. Well, I know, Your Honor, I have looked and I have not found a case where a court held one way or the other as to when a law enforcement privilege based on law enforcement techniques was or wasn't waived. I've just never seen that. But if you agree that it is not an absolute— I mean, the whole dialogue we're having is if it's not simply a question of these records are in or out, but rather it's about, and there can't be a waiver based on the fact that the balance in this case goes one way, but in another case it would go another way. There can't be a waiver. If—I think that there could be a waiver, for example, in a FOIA context. If you're claiming that we— This isn't a FOIA context, that's the whole point. But the law enforcement privilege looks at the use of the information in all contexts. The possibility of a future person getting the law enforcement information if a future person were to go to court, ask for this information, say in a FOIA context— In a FOIA context, it would have to be—the law enforcement privilege, I would think it needs to be essentially absolute because it's going out to the world. But here it's not going out to the world. But— And there's use both to it, but it's not the same thing because—exactly because it is not going out to the world. But a voluntary waiver of the privilege— I really think there's very little to stand on there. Yeah, I agree. There's no—there's no clearly established case law. There's no county statute. What you're saying doesn't make much sense. All right. Thank you. I'll just start with the waiver issue. Government's counsel has acknowledged that there is not a single case that suggests there would be a waiver of the law enforcement privilege forevermore as a result of letting or his expert review of polygraph terms and material. I remember it was the First Circuit case. I deal with a waiver that called the wealth of Puerto Rico versus the United States. Do you have a record on that case? I have that case with me. I don't remember it dealing with waiver. I think it might. But I'm not 100 percent sure. I need to look at it. It certainly does agree with Mr. Blank that it would be—it would disclose techniques and procedures for law enforcement investigations or prosecutions if such disclosure could recently be expected to risk circumvention of the law. Yeah, the Puerto Rico case definitely discussed the law enforcement privilege. And I would suggest that it could be applicable under these circumstances. I don't recall it dealing with the waiver issue. But you also have other cases where the courts have ordered the polygraph charts and data and material to be produced, and it's not been deemed a waiver. You have United States versus Hart, which is Eastern District of New York. You have U.S. versus State under Senate 788 of 2nd 517. So there is precedent for the courts ordering that a defendant be produced the polygraph charts, data, and material. And obviously, it's not been suggested to be a waiver for evermore. But it was a Puerto Rico case, though. Was there a question in the context of a Puerto Rico case? No, it was not in the context of a criminal case. It was in the context of the Puerto Rico was doing their own investigation. And they submitted, I believe it was subpoenas, to the federal government. And then there was a question of the two separate sovereigns. It was a bank corporate, wasn't it? It was a bank corporate. So the Department of Justice subpoenaed FBI records related to an FBI investigation into the criminal activity of Mr. Rios, who committed a bank robbery. So I think it was an addiction. And the record seems pretty parallel to what happened. For the Commonwealth of Puerto Rico versus the United States, it was on January 3, 1958. Yes. Since the case presents an awful question, does the Commonwealth of Puerto Rico have a non-statutory cause of action grounded in its sovereign authority under Constitution to obtain information from the FBI in connection with the criminal investigation activities of the FBI employees? No, it's actually the FBI employees. Right. The Commonwealth was investigating the federal government, subpoenaed records. Federal government said, no, we have protections. And then we go through the whole analysis. I have a hunch it's a bank robbery, but I don't believe it. I don't believe it. Maybe you're right about that. But it was the FBI employees that are doing that. Yeah, but the issue there was the sovereignty. You've got the Commonwealth of Puerto Rico saying to the federal government, give us this material. And the federal government resisting. And then we go through the whole analysis under, too, as well as the law enforcement privilege. But again, there is nothing to suggest that the government providing this under these circumstances would be fair. So ultimately, your position is that the law enforcement privilege was adequately explained, that you're entitled, that we should be looking at the balancing and deciding whether there is sufficient possibility of just a employee who actually could use this for something useful. I guess it would be a three-part approach. First, we have to establish arbitrary and capriciousness of the U.S. Attorney's decision. So in furtherance of that, the arbitrary and capricious nature of their denial under is that they simply said law enforcement privilege. We're not turning it over. They didn't perform any type of balancing, which is required under both law enforcement analysis, as well as the CFR itself. The CFR 28, CFR 16.26 subsection B specifically says that if a law enforcement privilege is invoked, then you have to determine if the administration of justice requires the production of the material. None of that was done. And when we take that, and I know Your Honor didn't give too much weight to Mr. Starrett's comments, but when we take that with the actual calligrapher being listed as a witness by the State of Nevada and the prosecution and division counsel saying we can look at this material, it kind of highlights the arbitrary and capricious nature of all of a sudden invoking a privilege on their behalf. They're the people that did the investigation, hold the privilege. All of a sudden, the U.S. Attorney invokes that privilege on their behalf with no explanation whatsoever. So that's the arbitrary nature of it. I do think calligraphers are not as bad when it comes to the energy of the issue, right? Except that I think realistically, if we don't get a remedy for the Brady violation, assuming we don't get this material, we can't use it. The problem with the Brady violation is we have no idea there's a Brady violation. Until we analyze it. We don't have any idea whether it was inculpatory or expulpatory or what it is. Until it's analyzed, that's accurate. Right. So, why does it make more sense to wait until a trial and see if he actually shows up in it? And then you can, to get to that point, do you have to get the information and ask why the states are providing it? We already have an order requiring that the states are providing it. So I think at this point, if the judge did give us a- You're standing on that order. That order was not in the context of where we are now. That order was at the beginning based on a state prosecutor, if I recall correctly. State prosecutors say if they promised to hand it over when they were wrong, then they didn't realize that they didn't have that authority. You had got that order at that point in time. Is that not right? We got the order when the state prosecutor told us that Special Agent McKamey, the prolate referent and his, quote, supervisor, end quote, would turn over the material as long as we had an order. So then we pursued and received the order. Right. But now, a lot of it's come to light. One, that the state prosecutor didn't have the authority or whatever to give that to the U.S. attorney and to be brought again. So, you're in a whole different context now. Procedurally, the next step, assuming that we, if we didn't get the material, would be to file a motion to dismiss for the violation of the court order and what we believe to be a rating violation. You can do whatever you want, but it's in a different context than it was before. So, when you're standing on that order, I don't think it's exactly, you know, you're representing that we've already gotten an order. Well, we have a court order that says the material to be produced. And you'll get moved. Did the judge analyze all of the circumstances that exist as of today? No, obviously he wasn't in a position to do that. Okay. Thank you both. Thank you.
judges: Hawkins, Berzon, Murguia